UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSE A. ZAVALA,

                       Plaintiff,

      -against-                                    5:11-CV-1403 (LEK/DEP)

CORNELL UNIVERSITY,

                       Defendant.
_____

## DECISION and ORDER

**I.**     **INTRODUCTION**

       On November 28, 2011, *pro se* Plaintiff Jose A. Zavala ("Plaintiff") filed a Complaint against Defendant Cornell University ("Defendant"), asserting a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 et. seq. Dkt. No. 1 ("Complaint"). On November 30, 2011, Plaintiff also filed a Motion for leave to proceed *in forma pauperis*, which was subsequently denied by the Honorable David E. Peebles, United States Magistrate Judge. Dkt. Nos. 2, 5.

       On September 28, 2012, Defendant filed a Motion to dismiss the Complaint in its entirety and for entry of judgment as a matter of law in favor of Defendant pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. No. 14 ("Motion") at 1. On October 29, 2012, Plaintiff filed a Response in opposition to Defendant's Motion. Dkt. No. 16 ("Response"). Defendant, in turn, filed a Reply on October 31, 2012. Dkt. No. 15 ("Reply").

       For the following reasons, the Court grants Defendant's Motion but also grants Plaintiff leave to amend his Complaint.

**II.**     **BACKGROUND**

       Plaintiff has been employed by Defendant since May 1993. Dkt. No. 12 ("Plaintiff's Letter") at 1. Plaintiff suffers from a permanent impairment and is a qualified individual with a disability within the meaning of 42 U.S.C. § 12111(8). Compl. ¶ 4. In February 2010, Plaintiff applied for protection under the Family Medical Leave Act, which was granted and officially approved on March 16, 2010. Resp. at 3; Dkt. No. 16-1 at 12.

Around October 2009, Plaintiff requested from Defendant reasonable accommodations for his disability pursuant to the ADA. Compl. ¶ 12. Plaintiff had chronic swelling in his right foot, and in December 2009, he had to take time off from work because of this ailment. Resp. at 3.

In February 2010, Defendant submitted an annual performance evaluation for Plaintiff in which Plaintiff received a "below average" rating for failing to meet one or more significant requirements of his position. Id. When Plaintiff inquired about this rating, the manager told Plaintiff that his frequent absences had slowed down the progress of the team. Id. Plaintiff submitted a rebuttal to the performance evaluation, requesting that the evaluation process be amended to include regular meetings throughout the year to discuss areas of improvement and provide feedback, so as to facilitate a more complete evaluation at the conclusion of the year. Dkt. No. 16-1 at 3. Plaintiff further alleges that Defendant imposed excessive and unreasonable work restrictions that unnecessarily undermined and limited Plaintiff's work, including "depriving Plaintiff of his tools, depriving him of a company vehicle, limiting his assignments to customer service type assignments rather than more challenging and rewarding technical assignments." Compl. ¶13(b). In March 2010, Plaintiff went to the emergency room for medical care. Resp. at 4. Defendant then told Plaintiff he could not return to his former work until he provided Defendant with a letter from his physician, which Plaintiff attempted to do over the next two months. Id. at 4-5.

In June 2010, the pain in Plaintiff's foot continued to worsen, and he eventually was told that it was broken. Id. at 5-6. Plaintiff requested that Defendant provide him with light-duty work. Defendant declined that request, and Plaintiff subsequently went on short-term disability leave. Id. at 6. Plaintiff was informed that he would be able to return to work on October 11, 2010. Id. Plaintiff notified Defendant of his return and was informed that he would be reassigned to a new team. Id. Plaintiff maintains that harassment ensued when he returned to work and did not have access to a company vehicle or his tools and was assigned to a new job, rather than the one he had held for over a decade. Compl. at 7. Defendant informed Plaintiff that the job reassignment was a result of his physician's suggestion that he not climb ladders. Id. Plaintiff asserted additional harassment

consisting of negative statements on his performance evaluation.  Id.

Throughout his employment at Cornell University, Plaintiff worked as a Network Technician, and he claims that despite his disability he would have been able to perform the requirements for that position safely.  Id. ¶ 17.  Finally, Plaintiff claims that as a result of Defendant's discrimination, Plaintiff has suffered lost past and future income and other employment benefits, severe emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, costs associated with obtaining reemployment, embarrassment, and damage to his reputation.  Id. ¶ 19.

### III. LEGAL STANDARDS

#### A. Judgment as a Matter of Law

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim."  Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001) (collecting cases).  In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "accept all [factual] allegations in the amended complaint as true and draw all inferences in the light most favorable to" the non-moving party.  In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007).  The "tenet that a court must accept as true all of the allegations contained in an amended complaint is inapplicable to legal conclusions."  Id.  "Documents that are attached to the amended complaint or incorporated in it by reference are deemed part of the pleading and may be considered."  Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) (citations omitted).  To survive a motion to dismiss, "an amended complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S. at 570).  Facial plausibility exists "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

3

Additionally, the allegations of a *pro se* litigant are to be construed under a "less stringent standard[] than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

**B. Leave to Amend the Complaint**

Rule 15 of the Federal Rules of Civil Procedure states that "a party may amend its pleading only with the opposing party's written consent or the court's leave[,] . . . [but that t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). As noted, the allegations of a *pro se* litigant are to be construed under a "less stringent standard[] than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21; see also Harris, 572 F.3d at 72. "A *pro se* plaintiff, particularly one bringing a civil rights action, should be afforded an opportunity fairly freely to amend his complaint." Holmes v. Goldin, 615 F.2d 83, 85 (2d Cir. 1980); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").

A district court is afforded broad discretionary power in granting leave to amend pleadings. Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998). However, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). Where "futility is an appropriate basis for denying leave to amend, such denial should be contemplated within the standards necessary to withstand a motion to dismiss pursuant to [Rule 12(b)(6)]." Gorham-DiMaggio v. Countrywide Home Loans, Inc., No. 08-CV-0019, 2009 WL

4

1748743, at *3 (N.D.N.Y. June 19, 2009) (Kahn, J.).

## IV. DISCUSSION

In support of its Motion for judgment as a matter of law, Defendant argues that Plaintiff's claims: (1) are time-barred under federal law because the ADA requires a claimant to file discrimination charges within 180 days of the alleged unlawful action, or, if a plaintiff has already filed the charge with a state or local equal employment agency, within 300 days of the alleged discriminatory action, pursuant to 42 U.S.C. § 2000e-5(e)(1); or (2) should be dismissed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for failure to state a plausible claim of discrimination by Defendant.  Mot. at 5-8.

In response to Defendant's Motion, Plaintiff does not directly dispute the arguments provided by Defendant but simply reiterates what he stated in his Complaint and provides a detailed time line of events which he claims lead to the alleged discrimination.  See generally Resp.

### A. Statute of Limitations

Under 42 U.S.C. § 2000e-5(e)(1), a plaintiff bringing an employment discrimination claim must do so within 180 days

> after the alleged unlawful employment practice occurred . . . except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice . . . such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceeding under State or local law, whichever is earlier . . . .

42 U.S.C. § 2000e-5(e)(1).  Additionally, the continuing-violation doctrine "delays the point at which the statute of limitations begins to run." Petrosky v. N.Y.S. Dep't of Motor Vehicles, 72 F. Supp. 2d 39, 48 (N.D.N.Y. 1999).  "When a plaintiff experiences a 'continuous practice and policy of discrimination . . . the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." Id.  The specific events of alleged discrimination cited by

5

Plaintiff clearly occurred outside of the applicable limitations period.[1]  However, in light of Plaintiff's *pro se* status and the fact that he is alleging an ongoing pattern of discrimination, the Court grants Plaintiff leave to amend to plead specific facts that might support a timely claim under the continuing-violation doctrine.

### B.  Merits of the ADA Claim

"As a matter of law, an unsatisfactory performance evaluation alone does not amount to an adverse employment action because such evaluation does not constitute a material change in employment."  Davis v. N.Y.C. Dep't of Educ., No. 10-CV-3812, 2012 WL 139255, at *6 (E.D.N.Y. Jan. 18, 2012) (internal quotation marks omitted).  Only where a "negative performance evaluation results in an adverse change in work conditions [may] it be considered an adverse employment action."  Id.  Where a plaintiff's "pay, benefits, and position remained the same throughout his employment," the claim should be dismissed.  Konieczny v. N.Y. State Div. of Parole, 647 F. Supp. 2d 256, 262 (W.D.N.Y. 2009).  Here, Plaintiff has not made any allegation or showing that, aside from the change in his work that resulted from his disability, he experienced a decrease in wages or employment benefits.  See generally Compl.  However, in an abundance of caution and mindful of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend to plead facts supporting this claim.

### V.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion (Dkt. No. 14) for judgment as a matter of law is **GRANTED**; and it is further

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that if Plaintiff wishes to amend his Complaint (Dkt. No. 1) in accordance with this Decision and Order and proceed with this action, he must do so **within thirty (30) days** from the

---

[1] The Court notes that this is the case regardless of whether the 180-day or 300-day limitations period applies.

date of filing of this Decision and Order.  If Plaintiff does not comply with this Decision and Order in a timely fashion, however, this matter will be **dismissed without further order of the Court**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action in accordance with the local rules.

**IT IS SO ORDERED**.

DATED:     May 06, 2013
           Albany, New York

Lawrence E. Kahn
U.S. District Judge